PER CURIAM:
On September 20, 1990, Theodore McCombs, an employee of the claimant, was driving a company truck, described as a six wheeler-ten speed, en route from Pittsburgh to Wheeling. As he approached Exit 2a, the Mound de Chantal exit on Interstate 70 west, near Wheeling, Ohio County, in the early morning darkness, the truck crossed over debris in the road and sustained a flat inside back tire. An estimate was provided for the replacement cost of the tire in the amount of $290.00.
Mr. McCombs testified that he believed the debris to be cardboard when he first observed it on the highway. However, when the truck struck the debris it appeared to have been broken fiberglass barrels being used as hazard barrels.
Michael M. Kloeppner, sales manager and adjuster for the claimant, was notified of the flat tire by the driver and he visited the accident scene a few hours later. He too described *85 the road as covered with flattened and broken neon construction hazard barrels. He further testified that insurance was not available to cover the loss.
The respondent denied any negligence. Milton M. Davis, a Maintenance Supervisor for the Ohio County area roads, testified that he was first notified of the debris on the interstate shortly after the driver’s flat tire. This witness further testified that construction in the are had been on-going all summer, and that a private contractor of unknown identity had installed the hazard barrels.
The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to remove the debris prior to the accident. The facts indicate that respondent did not have prior notice of the debris on the road, and the claimant has failed to prove otherwise. The burden of proof is upon the claimant to demonstrate with a preponderance of the evidence that the respondent had actual or constructive notice of the road hazard. That burden has not been satisfied. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to he held liable for damage caused by the road debris, it must have had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). It is the opinion of the Court that the respondent did not have notice of the debris on the interstate, and, therefore, respondent did not have an opportunity to remove the debris prior to the incident described by the claimant’s witnesses.
In accordance with the findings of the Court hereinabove, this claim must be denied.
Claim disallowed.